# Exhibit "A"

Plaintiff's Complaint

Electronically Filed
6/10/2020 12:26 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
BRIAN D. NETTLES, ESQ.
Nevada Bar No. 7462
CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
RACHEAL A. ROSS, ESQ.
Nevada Bar No. 14943
NETTLES | MORRIS
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
Telephone: (702) 434-8282
Facsimile: (702) 434-1488
brian@nettlesmorris.com
christian@nettlesmorris.com
racheal@nettlesmorris.com
*Attorneys for Plaintiff Hayes*

CASE NO: A-20-816334-C
Department 11

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| DAWN-MICHELLE HAYES, an individual, | CASE NO.: |
| | DEPT NO.: |
| Plaintiff, | |
| vs. | COMPLAINT |
| WAL-MART REAL ESTATE BUSINESS TRUST, a foreign business trust; WALMART INC. d/b/a WALMART #2592, a foreign corporation; DOES 1 through 10; ROE CORPORATIONS 11 through 20; and ABC LIMITED LIABILITY COMPANIES 21 through 30, | |
| Defendants. | |

COMES NOW, Plaintiff, DAWN-MICHELLE HAYES, by and through her counsel of record, Brian D. Nettles, Esq., Christian M. Morris, Esq., and Racheal A. Ross, Esq., of NETTLES | MORRIS, and for her causes of action against Defendants above named, complains and alleges as follows:

## GENERAL ALLEGATIONS

1. This Court has jurisdiction to hear this claim pursuant to Art. VI Sec. 6 of the Nevada Constitution as a court of general jurisdiction in the State of Nevada presiding over a claim valued over $15,000.00 where the cause of action was accrued within the bounds of Clark County.

2. Plaintiff Hayes DAWN-MICHELLE HAYES ("Plaintiff Hayes") is, and at all relevant times was, an individual residing in Clark County, Nevada.

3. On information and belief, Defendant, WAL-MART REAL ESTATE BUSINESS TRUST ("Defendant Wal-mart Business Trust"), is, and at all relevant times was, a foreign business trust doing business in Clark County, Nevada.

4. On information and belief, Defendant, WALMART INC. d/b/a/ WALMART #2592 ("Defendant Walmart Inc."), is, and at all relevant times was, a foreign corporation doing business in Clark County, Nevada.

5. On information and belief, Defendant Wal-mart Business Trust and/or Defendant Walmart Inc. (collectively, "Defendants"), owned, operated, maintained, controlled, serviced, managed, occupied, and/or assumed liability of a retail business and/or real property located at 1807 W. Craig Rd., North Las Vegas, Nevada 89032, commonly known as Wal-Mart Supercenter #2592 ("Subject Premises"), for the purpose of carrying on a business for profit.

6. Plaintiff Hayes is informed, believes and thereon alleges that all of the acts, omissions and conduct described below of each and every corporate Defendant was duly authorized, ordered, and directed by the respective and collective Defendant corporate employers, officers, and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents and representatives and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents and representatives, the Defendant corporations, respectively and collectively, ratified, accepted the benefits of, condoned, lauded, acquiesced, approved, and consented to each and every of the said acts and conduct of the aforesaid corporate employees, agents and representatives.

2

7. The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of defendants Does 1 through 10, Roe Corporations 11 through 20 and ABC Limited Liability Companies 21 through 30 ("Doe/Roe/ABC Defendants"), inclusive, are unknown to Plaintiff Hayes at this time, whom therefore sue said defendants by such fictitious names. When the true names and capacities of said defendants have been ascertained, Plaintiff Hayes will amend this Complaint accordingly.

8. On information and belief, Does/Roe/ABC Defendants participated in the design, construction, maintenance, ownership, management, control, operation, care, and/or upkeep of the Premises; Does/Roe/ABC Defendants include, but are not limited to, owners, operators, occupiers, lessees, managers, manufacturers, developers, producers, general contractors, subcontractors, security companies, maintenance companies, material providers, equipment providers, architects, designers, engineers, governmental authorities, insurers, lenders, investors, and their agents, servants, representatives, employees, partners, joint venturers, related companies, subsidiaries, parents, affiliates, predecessors, partners and/or successors in interest.

9. On information and belief, Doe/Roe/ABC are responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiff Hayes as hereinafter alleged.

10. On information and belief, Doe/Roe/ABC Entities were involved in the initiation, approval, support or execution of the wrongful acts upon which this litigation is premised, or of similar actions against Plaintiff Hayes of which Plaintiff Hayes is presently unaware.

11. On or about June 12, 2018, Plaintiff Hayes was an invitee to the Subject Premises and while on the premises she was injured when she suddenly slipped and fell to the floor ("Subject Incident") as a result of an unknown, hidden, unmarked liquid substance on the floor ("Subject Condition").

12. On information and belief, the Subject Condition, which was unattended and without warning, was created by Defendants and/or was a condition of which Defendants had actual or constructive notice prior to the Subject Incident. Also, the Subject Condition was a

3

dangerous condition which should have been remedied and/or warned of prior to the Subject Incident.

13. As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Hayes was required to obtain medical services and treatment and may, in the future, be required to obtain additional medical services and treatment.

14. As a further direct and proximate result of the negligence of Defendants, Plaintiff Hayes has suffered injuries to her body and pain and suffering.

15. Plaintiff Hayes has been damaged by the negligence of Defendants, in an amount in excess of $15,000.00.

16. As a direct and proximate result of the actions or omissions of Defendants, Plaintiff Hayes has had to retain the services of Nettles | Morris to pursue this action and are entitled to recover costs of suit and reasonable attorneys' fees incurred herein.

### FIRST CAUSE OF ACTION

(Negligence/Premise Liability Against All Defendants)

17. Plaintiff Hayes repeats and re-alleges each and every allegation contained in paragraphs hereinabove as though fully set forth herein.

18. At all relevant times, Defendants were in control of the Subject Premises and owed a non-delegable duty of care to Plaintiff Hayes to maintain the Subject Premises in a reasonably safe condition.

19. Defendants also owed a non-delegable duty of care to warn Plaintiff Hayes of the existence of dangerous conditions.

20. Defendants breached the non-delegable duties owed to Plaintiff Hayes by creating and/or knowingly and/or negligently allowing the Subject Condition to exist and persist on the Subject Premises prior to the Subject Incident, and by consciously, deliberately, and/or negligently failing to take any measure to remedy or to warn of the existence of the Subject Condition.

21. As a direct result of Defendants' acts or omissions, Plaintiff Hayes sustained serious injuries and pain and suffering.

4

22. Defendants' breach of duties was the legal cause of Plaintiff Hayes' injuries.

23. As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Hayes was required to obtain medical services and treatment and may, in the future, be required to obtain additional medical services and treatment.

24. As a direct and proximate result of the actions or omissions of Defendants, Plaintiff Hayes has had to retain the services of Nettles | Morris to pursue this action and is entitled to recover costs of suit and reasonable attorneys' fees incurred herein.

## SECOND CAUSE OF ACTION

**(Negligent Hiring, Training, Retention, and Supervision Against All Defendants)**

25. Plaintiff Hayes repeats and re-alleges each and every allegation contained in the paragraphs hereinabove as though fully set forth herein.

26. Defendants owed a non-delegable duty to Plaintiff Hayes to exercise due care in the selection, training, oversight, direction, retention, and control of its employees/agents/contractors.

27. Defendants breached their non-delegable duty to Plaintiff Hayes by failing to properly hire, retain, train, staff, and supervise its employees/agents/contractors responsible for maintaining, cleaning, inspecting and/or otherwise overseeing the Subject Premises

28. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff Hayes suffered injuries and sustained pain and suffering.

29. Defendants' breach of their duties was the legal cause of Plaintiff Hayes injuries.

30. As a direct and proximate result of the acts or omissions of Defendants, Plaintiff Hayes was required to obtain medical services and treatment and may, in the future, be required to obtain additional medical services and treatment.

31. As a direct and proximate result of the actions or omissions of Defendants, Plaintiff Hayes has had to retain the services of Nettles | Morris to pursue this action and is entitled to recover costs of suit and reasonable attorneys' fees incurred herein.

///

**WHEREFORE**, Plaintiff Hayes prays for relief against Defendants as follows:

1. General damages in excess of $15,000.00 for Plaintiff Hayes;
2. Special damages in excess of $15,000.00 for Plaintiff Hayes;
3. For pre-judgment and post-judgment interest thereon at the highest legal rate;
4. Attorneys' fees and costs herein for Plaintiff Hayes;
5. For such further and other relief as the Court deems proper for Plaintiff Hayes.

DATED this 10th day of June, 2020.

**NETTLES | MORRIS**

*/s/ Racheal A. Ross/*

BRIAN D. NETTLES, ESQ.
Nevada Bar No. 7462
CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
RACHEAL A. ROSS, ESQ.
Nevada Bar No. 14943
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
*Attorneys for Plaintiff*