BRIAN D. NETTLES, ESQ.
Nevada Bar No. 7462
CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
RACHEAL A. ROSS, ESQ.
Nevada Bar No. 14943
NETTLES | MORRIS
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
Telephone: (702) 434-8282
Facsimile: (702) 434-1488
brian@nettlesmorris.com
christian@nettlesmorris.com
racheal@nettlesmorris.com
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DAWN-MICHELLE HAYES, an individual; | CASE NO.:  2:20-cv-01350-KJD-VCF |
| Plaintiff, | |
| vs. | **PLAINTIFF'S MOTION TO REMAND** |
| WAL-MART REAL ESTATE BUSINESS TRUST, a foreign business trust; WALMART, INC. d/b/a WALMART #2592, a foreign corporation; DOES 1 through 10; ROE CORPORATIONS 11 through 20; and ABC LIMITED LIABILITY COMPANIES 21 through 30, inclusive, | |
| Defendants. | |

COMES NOW, Plaintiff, DAWN-MICHELLE HAYES ("Plaintiff"), by and through her counsel of record, Brian D. Nettles, Esq., Christian M. Morris, Esq., and Racheal A. Ross, Esq., of the NETTLES | MORRIS, and hereby moves, pursuant to 28 U.S.C. 1447(c), to remand the above-entitled action back to the Eighth Judicial District Court for the State of Nevada, County of Clark.

1

1   Dated this 20th day of August, 2020.

2                                               NETTLES | MORRIS

3

4

5

6                                               _____
                                                BRIAN D. NETTLES, ESQ.
7                                               Nevada Bar No. 7462
                                                CHRISTIAN M. MORRIS, ESQ.
8                                               Nevada Bar No. 11218
                                                RACHEAL A. ROSS, ESQ.
9                                               Nevada Bar No. 14943
                                                1389 Galleria Drive, Suite 200
10                                              Henderson, Nevada 89014
                                                *Attorneys for Plaintiff*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

This case arises from a slip-and-fall which Plaintiff was injured. Plaintiff asserts that the Defendants were negligent in maintain the premises.

Plaintiff's Complaint was filed in the Eighth Judicial District Court for the County of Clark, Nevada on June 10, 2020, naming Defendants and alleging causes of action for Negligence/Premise Liability Against All Defendants (First), Negligent Hiring, Training. Retention, and Supervision Against All Defendants (Second). *See* Compl., attached as Ex. 1**.** Service of the Complaint was effectuated on June 26, 2020 on both Defendants. On July 21, 2020, Defendants filed their Petition for Removal to Federal Court, citing diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the basis for removal.

Plaintiff herein alleges that Defendants' request for removal from the state court is improper because Defendants have not established by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. In light of this deficiency, Defendants have failed to establish diversity jurisdiction and Plaintiff respectfully requests this Court remand this action to state court pursuant to 28 U.S.C. § 1447.

**II.**

**ARGUMENT**

**A.  Legal Authority for Remand**

Plaintiff brings this motion pursuant to 28 U.S.C. § 1447(c), which provides:

> . . . [a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a) [28 USCS § 1446(a)]. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

If the federal court determines that a defendant's removal of this action is erroneous, the remedy is to remand the case to the state court from which the action was originally removed.  28 U.S.C. § 1447(c); *See also*, *Vasquez v. N. Cty. Transit Dist.*, 292 F.3d 1049, 1060 (9th Cir. 2002).

3

**NETTLES | MORRIS**
1389 Galleria Drive, Suite 200
Henderson, NV 89014
(702) 434-8282 / (702) 434-1488 (fax)

Here, Plaintiff brings the instant Motion based on the Court's lack of subject matter jurisdiction, a defect for which the 30-day time limit does not apply. Nonetheless, Plaintiff's request is timely made as Defendants filed their Petition for Removal on July 21, 2020. Accordingly, Plaintiff respectfully requests that this Court remand this action to the Eighth Judicial District Court of the State of Nevada for lack of subject matter jurisdiction.

**B.   The Court Does Not Have Subject Matter Jurisdiction Because Defendants Have Not Demonstrated Diversity of Citizenship Exists Between All Parties**

Defendants' Petition for Removal was made on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Diversity jurisdiction permits a federal district court to hear state causes of action if (1) the amount in controversy exceeds $75,000.00; and (2) the action is between citizens of different states. *Id.*

Generally, the removal statute is strictly construed against removal, and the moving party has the burden of establishing jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Moreover, where a court lacks jurisdiction, the court *shall* remand the case because any defect in the removal procedure, or the lack of subject matter jurisdiction, requires a remand. *See* 28 U.S.C. § 1447(c); *See also, Shaw v. Dow Brands, Inc.*, 994 F.2d 364 (7th Cir. 1993).

Here, Defendants Petition for Removal is defective because Defendants have not carried their burden to show the amount in controversy exceeds $75,000.00.

**i.   Defendants Cannot Demonstrate the Amount in Controversy Exceeds $75,000.00 on the Face of the Pleadings or by a Preponderance of the Evidence**

Defendants, as the moving party, have the evidentiary burden of establishing the amount in controversy meets the $75,000.00 jurisdictional limit. *Wilson v. Republic Iron & Steel, Co.*, 257 US 92, 97 (1921). To meet its burden, Defendants must either show the amount in controversy is met (1) because it is facially evident by the pleadings, or (2) by a preponderance of the evidence. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2003). Under the preponderance standard, Defendants must identify specific evidence establishing that the amount in controversy "more likely than not

NETTLES | MORRIS
1389 Galleria Drive, Suite 200
Henderson, NV 89014
(702) 434-8282 / (702) 434-1488 (fax)

**NETTLES | MORRIS**
1389 Galleria Drive, Suite 200
Henderson, NV 89014
(702) 434-8282 / (702) 434-1488 (fax)

exceeds" $75,000.00. *Id.* at 1117. The court may consider the pleadings, including the petition for removal, and summary-judgment-style evidence to satisfy this burden. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

Here, the amount in controversy is not facially evident in the Complaint. At best, Defendants can only show that the Complaint facially evidences an amount in controversy of $30,000.01—as Plaintiff is seeking in excess of $15,000 for each of her two causes of action. *See* Ex. 1 at 6:2-3. Defendants have not identified where on the face of the Complaint the additional $45,000.00 in damages needed to exceed the $75,000.00 is shown. Thus, the amount in controversy does not exceed the $75,000.00 jurisdictional limit on its face.

Likewise, Defendants have not demonstrated by a preponderance of the evidence that the amount in controversy exceeds the limit. Defendants only submitted evidence is Plaintiff's calculated medical specials, for which Defendants fail to clarify that the number referenced was solely in the context of request an exemption from arbitration – not a request for the total amount Plaintiff will be seeking in damages. *See Plaintiff's Petition for Exemption attached hereto as* **Exhibit 1.**

Plaintiff's Complaint only sought damages in excess of $30,000.00. This is an important consideration because, "the pertinent question the Court is to ask is whether a plaintiff is likely to ask a jury for an amount above $75,000." *Canonico v. Seals*, Case No. 2:13-cv-316-RCJ-NJK, 2013 U.S. Dist. LEXIS 60047 (D. Nev. Apr. 25, 2013). Defendants' Petition for Removal has identified no evidence that Plaintiff intends to ask a jury for the amount Defendants have listed on their Motion to Remove. Indeed, as the Court must strictly construe the removal statute *against* removal, it should conclude that the fact Plaintiff has only sought damages in excess of $30,000.00 in the Complaint does not support a finding of an amount in controversy in excess of $75,000.00.

Furthermore, as noted above, Plaintiff's only specific dollar amount requested in the Complaint is for damages "in excess of $15,000" for each of her two causes of action. *See* Ex. 1. While this would indicate Plaintiff's prayer for relief is at least $30,000.02, Defendants have not provided any evidence that Plaintiff is likely to ask a jury for the additional $44,999.99 needed for the amount in controversy to exceed the limit. As the Court must strictly construe against removal,

that fact is sufficient to sow seeds of doubt regarding Defendants right to removal. Thus, Defendants have failed to satisfy the evidentiary burden again and, therefore, removal should be denied.

Thus, Defendants' Petition for Removal does not provide any evidence of the amount in controversy. Defendants do not meet their burden of proving the amount of controversy exceeds $75,000.00, either by the facial review or based on the preponderance of the evidence. Accordingly, this Court lacks jurisdiction over this matter and should remand back to the state court.

**C.** **Plaintiff Respectfully Requests Attorneys' Fees, Costs, and Other Actual Expenses Upon Remand**

28 U.S.C. § 1447(c) authorizes federal courts, when remanding a case to state court, to impose costs and actual expenses, including (but not limited to) attorneys' fees where appropriate. 28 U.S.C. § 1447(c) is a fee-shifting statute rather than a sanctions rule, so bad faith on the part of Defendant is not a prerequisite to an award and Plaintiff is "presumptively entitled" to recovery attorneys' fees. *See e.g.*, *Garbie v. Daimler Chrystler Corp.*, 211 F.3d 407 (7th Cir. 2000); *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000) (permitting an award of fees when a defendant's removal, though "fairly supportable," was wrong as a matter of law); *Commissioner of INS v. Jean*, 496 U.S. 154 (1990).

As 28 U.S.C. § 1446 *et seq.* empowers this Court to make the victorious party whole upon remand, Plaintiff respectfully requests this Court impose costs and actual expenses, including attorneys' fees, upon Defendants should Plaintiff's Motion be granted.

///
///
///
///
///
///
///
///
///

### III.

### CONCLUSION

Based on the foregoing reasons and analysis, Plaintiff respectfully requests this Court GRANT her Motion for Remand, remand this action to state court pursuant to 28 U.S.C. § 1447 and award fees and costs to Plaintiff as herein requested.

Dated this 20th day of August, 2020.

NETTLES | MORRIS

BRIAN D. NETTLES, ESQ.
Nevada Bar No. 7462
CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
RACHEAL A. ROSS, ESQ.
Nevada Bar No. 14943
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of August, 2020, I electronically filed the foregoing **PLAINTIFF'S MOTION TO REMAND** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted in the Electronic Mail Notice List as listed below:

Daniel E. Joslyn, Esq.
PHILLIPS, SPALLAS & ANGSTADT, LLC
504 South Ninth Street
Las Vegas, NV 89101
*Attorneys for Defendant*

/s/ *Thalia V. Gomez*
An employee of NETTLES | MORRIS

**NETTLES | MORRIS**
1389 Galleria Drive, Suite 200
Henderson, NV 89014
(702) 434-8282 / (702) 434-1488 (fax)

8